**Walter J. PORR, Plaintiff–Appellant,**

v.

**Corrin DAMAN, individually, Susan Erber, individually, and Board of Education of the City of New York, Defendants–Appellees.**

No. 07–1623–cv.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

William G. Martin, Martin & Colin P.C., White Plains, NY, for appellant.

Susan Paulson, Assistant Corporation Counsel of the City of New York, (Michael A. Cardozo, Corporation Counsel, Francis F. Caputo, Amy Grossberg, Assistant Cor-

poration Counsels, on the brief), New York, NY, for appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Walter J. Porr appeals from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiff-appellant Porr was a public school teacher at a special needs school in the Bronx, where he came into conflict with another teacher, Vassan Ramracha, who allegedly assaulted Porr on numerous occasions and failed to prevent his students from assaulting Porr as well. Porr alleges that the school's principal, its superintendent, and others at the Board of Education engaged in a pattern of retaliatory harassment against him after he spoke out about certain grievances, generally about a lack of discipline at the school, and later about the school's allegedly inadequate response to a fire alarm. He alleges that the retaliation ultimately forced him to resign under circumstances constituting constructive discharge.

Porr's amended complaint asserted causes of action for First Amendment retaliation and violations of the Equal Protection Clause under both class-of-one and selective prosecution theories. Porr also brought claims under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and various state law causes of action.

■ [1] Porr's First Amendment retaliation claim was properly dismissed on the grounds that some of Porr's speech was not constitutionally protected, and, to the extent that some of it may have been protected, Porr cannot establish a nexus between his protected speech and any adverse employment action.

To establish a claim that dismissal as a public employee from government service was retaliation arising from the exercise of First Amendment rights, a plaintiff must show that: (1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection existed between the speech and the adverse employment decision, so that it can be said that her speech was the motivating factor in the determination. *See, e.g., Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir.2005).

■ Judge Hellerstein dismissed Porr's First Amendment retaliation claims on the grounds that Porr's speech was not constitutionally protected. Judge Hellerstein held as a matter of law that Porr's speech concerning the squabble between Porr and Ramracha was not a "matter of public concern," *Connick v. Myers*, 461 U.S. 138, 143–51, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); and Porr's speech concerning fire safety issues at the school was not constitutionally protected because, under Chancellor's Regulation A–414, teachers have a duty to report fire safety issues to the principal. Thus, Porr's comments on the fire safety issues at the school were not protected under the Supreme Court's recent decision in *Garcetti v. Ceballos*, 547 U.S. 410, 421–22, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006)(speech made pursuant to a public employee's official duties is not protected speech).

The district court correctly noted that the context of Porr's grievances was the ongoing personal dispute between Porr and Ramracha. *See Connick*, 461 U.S. at 147–48, 103 S.Ct. 1684("Whether an employee's speech addresses a matter of pub-

lic concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." (footnote omitted)). Thus, the bulk of Porr's letters, phone calls, and complaints were not matters of public concern. *See Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 781 (2d Cir. 1991)("Viewed objectively and as a whole, [plaintiff's] statements did not address matters of public concern. Her complaints were personal in nature and generally related to her own situation.... [Plaintiff] was not on a mission to protect the public welfare. Rather, her primary aim was to protect her own reputation and individual development....").

To the extent that Porr's comments on fire safety may have touched upon a matter of public concern, Porr has shown no causal connection between his protected speech and whatever adverse employment action was taken against him. A causal connection must be sufficient to support the inference that "the speech played a substantial part in the employer's adverse employment action." *Ezekwo*, 940 F.2d at 780–81. No such inference is warranted on this record given Porr's erratic behavior, his fights with Ramracha, the numerous complaints about Porr from other teachers, and an arbitrator's finding that Porr had in fact recklessly thrown objects that injured students.

Porr's equal protection claims are barred by the Supreme Court's recent decision in *Engquist v. Oregon Dep't of Agric.*, —— U.S. ——, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008). In *Engquist*, the Supreme Court held that a public employee does not state a claim under the Equal Protection Clause by alleging that he or she was arbitrarily treated differently from other similarly situated employees unless the different treatment was based on the employee's membership in any particular class. 128 S.Ct. at 2151, 2155–56.

The Court wrote, "[o]ur traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context." *Id.* at 2151.

Porr has not alleged that any adverse employment action was a result of his membership in any particular class, and thus his equal protection claims fail.

As Porr has no remaining constitutional claims, the district court properly dismissed his claims under *Monell*. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995)(holding that plaintiffs asserting a municipal liability claim under § 1983 must prove, *inter alia*, the denial of a constitutional right). Similarly, the district court properly dismissed Porr's state law claims for lack of supplemental jurisdiction under 28 U.S.C. § 1367.

Finding no merit in Porr's remaining arguments, we hereby **AFFIRM** the judgment of the district court.